UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:12CR68(AVC) |
| TRAVAIL MCLEAN | : | September 20, 2013 |

## DEFENDANT'S MEMORANDUM IN AID OF RESENTENCING

Travail McLean was 18 years old – the minimum chronological age for federal prosecution – when, over the course of several months, he called 911 to falsely report bombs. Psychological testing reveals, in a report possessed by the Court, that Travail McLean is in the extremely low range of intellectual functioning. Mentally and emotionally, Travail McLean was much younger than his chronological age of 18. The question in this case is whether giving this teen-aged defendant, who is mentally and emotionally a minor, the harsh punishment of 18 - 24 months prescribed by the Sentencing Guidelines for ordinary adults who engage in similar behavior is appropriate or warranted. The answer to that question is logically no, and the Court of Appeals for that reason has remanded for re-sentencing: "[I]n light of . . . McLean's psychiatric and cognitive deficits, and defense counsel's specific request for the Court's reasons for the sentence imposed, the district court judge erred by failing to explain why he has rejected those arguments" for a below range sentence. Summary Order, page 2.

The undersigned counsel has been practicing in this District for 30 years. In that time, the ordinary punishment for a mentally challenged or ill defendant who has made threats and who pleads guilty in this District is a sentence of probation. Indeed, in United States v. Chaggaris, 3:13CR77(RNC), the defendant had made a series of extremely disturbing threats in 2004 and 2005 and was sentenced to probation in light of his mental illness. In 2012, after completing probation, he made another series of extremely disturbing threats and was prosecuted a second time. He was again sentenced to probation because of his mental illness. In United States v. Jain, 3:10CR216(RNC), a middle-aged defendant of ordinary intelligence who was convicted of making a very disruptive bomb threat was sentenced, after conviction at trial, to 6 months. The sentence imposed upon Travail McLean, who is mentally impaired and pled guilty, of 18 months is extraordinarily harsh compared to sentences imposed in other cases. He is presently scheduled to finish that sentence on January 5, 2014.

He is seeking a sentence of "time served," which, in light of the amount of time he has already served, would merely shorten his 18 months sentence by three months.

It appears from the record that the Court, when it imposed a sentence of 18 months on Travail McLean, gave undue weight to the Sentencing Guidelines. See United States v. Zavala, 443 F.3d 1165, 1171-72 (9th Cir. 2006) ("Here, the district court gave the Guideline calculation exaggerated weight, treating it as a presumptive sentence from which the court was 'free to depart.' This was error."). While the Court is required to consider the range of penalties suggested by the Sentencing Guidelines in determining the appropriate sentence in a given case, it is not bound by that range. See United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Indeed, the Supreme Court has repeatedly reminded sentencing courts that: "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Nelson v. United States, 129 S. Ct. 891, 892 (2009) (underlined emphases in original); see also Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (emphasizing that the only "presumption of reasonableness" that applies to a Guidelines sentence is "an appellate court presumption," not applicable in the initial sentencing analysis conducted by the District Court). Thus, while the Court must consider the recommendations of the advisory Guidelines, the Court may not presume that those recommendations are reasonable. Instead, the Court must treat the recommended Guidelines sentence as only one among numerous factors. Even within the Guidelines, U.S.S.G. § 5H1.3 provides that "mental and emotional conditions may be relevant in determining whether a departure is warranted."

Travail McLean made prank bomb threats to alleviate his boredom by causing emergency personnel to scramble with lights and sirens, which to his limited mind was a form of entertainment. It was truly disturbing to the personnel who responded, but he had a diminished capacity to comprehend that. The United States Supreme Court recognized in Atkins v. Virginia, 536 U.S. 304, 318 (2002), that, "Mentally retarded persons . . . have diminished capacities to understand and process information, to communicate, to abstract from mistakes and learn from experience, to engage in logical reasoning, to control impulses, and to understand the reactions of others . . . . Their deficiencies do not warrant

an exemption from criminal sanctions, but they do diminish their personal culpability." In this case, a sentence within the 18 to 24 months range recommended by the advisory Sentencing Guidelines, even at the low end of that range, was greater than necessary to achieve the purposes of a criminal sentence, taking into account all of the circumstances and the statutory factors. Accordingly, Travail McLean respectfully asks the Court to exercise its discretion and impose a sentence of "time served."

    Respectfully submitted,

    THE DEFENDANT,
    TRAVAIL MCLEAN

    FEDERAL DEFENDER OFFICE

Dated: September 20, 2013    /s/ Gary D. Weinberger

    Gary D. Weinberger
    Assistant Federal Defender
    10 Columbus Blvd, 6th FL
    Hartford, CT 06106
    Phone: (860) 493-6260
    Bar No.: ct05085
    Email: gary_weinberger@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2013, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Gary D. Weinberger
    Gary D. Weinberger